United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2005**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

---

m 05-60030
Summary Calendar

---

KODY EDWARDS,

Plaintiff-Appellant,

VERSUS

GRAND CASINOS OF MISSISSIPPI, INC. SS BILOXI,
DOING BUSINESS AS GRAND CASINO BILOXI,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Mississippi
m 1:03-CV-218

---

Before DAVIS, SMITH, and DENNIS,
   Circuit Judges.

PER CURIAM:[*]

Kody Edwards sued his former employer for discrimination, alleging that his termination violated title VII of the Civil Rights Act of 1964. The district court granted summary judgment for the employer. Finding no error, we affirm.

I.

Edwards, who is black, was employed as a security officer at Grand Casinos of Mississippi, Inc.SSBiloxi, doing business as Grand Casino Biloxi ("Grand Casino"). One evening, Richard Creel, head of security, received complaints that security guards were shirking their duties, watching football games in the breakroom instead of doing their rounds.

Creel ordered Mike Hilliard, a security officer, to investigate, and told him to instruct any officers he found taking unauthorized breaks to return to work. Hilliard found Edwards and another officer in the breakroom and ordered them to return to their patrols. Edwards retorted that Hilliard had no supervisory authority over him.

Two hours later, Hilliard returned to the breakroom and found that Edwards was still there, watching television. Hilliard once again told Edwards to return to work, and Edwards once again refused, again rebuking Hilliard's authority. Hilliard reported the incident to Creel.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Edwards told Creel that he refused to work for Hilliard. During the course of the discussion, Edwards informed Creel that he was leaving, and departed the casino in the middle of his overtime shift.

The following day, Grand Casino terminated Edwards, citing "job abandonment." Edwards sued for race discrimination. The district court granted summary judgment to Grand Casino.

II.

We review a summary judgment *de novo* and are bound by the same standards as was the district court. *See Chaplin v. NationsCredit Corp.,* 307 F.3d 368, 371 (5th Cir. 2002). Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-movant, show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (internal quotations omitted). Once the moving party has demonstrated that the non-moving party has no evidence such that a reasonable jury could reach a verdict in its favor, the non-moving party must put forth specific facts that demonstrate a genuine factual issue for trial. *See Brennan v. Mercedes Benz USA,* 388 F.3d 133, 135 (5th Cir. 2004).

III.

Under title VII, a plaintiff must make a *prima facie* case of discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Where only circumstantial evidence of discrimination is available, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and

2

(4) others similarly situated were more favorably treated.[1]

On appeal, the parties dispute only whether Edwards has shown that other employees, similarly situated but outside the protected class, were treated more favorably. To demonstrate that another employee outside the protected class, but treated more favorable, is "similarly situated," a plaintiff must show that the supposed misconduct of both employees was "nearly identical." *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 221 (5th Cir. 2001).[2]

Edwards points to evidence that a white employee was given preferential treatment under similar circumstances. The record indeed contains evidence that a white security guard, Guy Lowe, similarly left during the middle of an overtime shift and was cited for "job abandonment" but was not ultimately terminated.

The Lowe incident is not sufficient to prove the fourth element of the *prima facie* case, because Edwards cannot show that Lowe was given preferential treatment in "nearly identical circumstances." Lowe's violation was far less severe than Edwards's: Although Lowe similarly left the job during the middle of an overtime shift and was charged with the broad infraction of "job abandonment," he was not also cited for poor job performance, as Ed-

wards was. Moreover, Lowe did not act in an insubordinate manner by directly rebuking authority as he left his shift.[3]

Because Edwards failed to state a *prima facie* case of intentional race discrimination based on circumstantial evidence, the district court properly dismissed his claim on summary judgment. The judgment is AFFIRMED.

---

[1] *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 184 (5th Cir. 1999).

[2] *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) ("We require that the quantity and quality of the compartor's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.").

[3] Edwards claims that we should resolve the question of "similarity" by looking at the circumstances broadly, to see only whether the comparators dealt with the same supervisor, worked under the same job description, and were subject to the same standard. Edwards relies on a single Sixth Circuit decision, *Mitchell v. Toledo Hosp.,* 964 F.2d 577 (6th Cir. 1992), but that case does not stand for such a proposition; it instead emphasizes a particularized rather than broad comparison between the employees alleged to have been treated differently. *Id.* at 583 (noting that plaintiff failed to establish that she was "similarly situated in all respects" to that of comparators, particularly focusing on the fact that plaintiff failed to demonstrate that her absenteeism and insubordination were of "comparable seriousness" to those employees who had not been discharged). Moreover, Edwards's proposed formulation of the similarity inquiry conflicts with our repeated, emphasized statements that the circumstances surrounding the compared employees must be "nearly identical." *See Wallace,* 273 F.3d at 221; *see also Wyvill v. United Cos. Life Ins. Co.,* 212 F.3d 298, 304-05 (5th Cir. 2000).