United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10316

TIMOTHY CURL,

Plaintiff-Appellant,

versus

UNITED SUPERMARKETS, LTD.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CV-149-C
--------------------

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Timothy Curl sued United Supermarkets in federal district court, arguing that United, in violation of the Americans with Disabilities Act,[2] fired him from his job as a doughnut fryer because of his bipolar disorder. The district court granted summary judgment to United, concluding that Curl failed to raise a genuine issue of material fact that, *inter alia*, his disorder

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] *See* 42 U.S.C. §§ 12101 *et seq*.

substantially limited a major life activity, including working. Curl appeals, and we review *de novo*.[3]

Under the ADA, Curl must show, *inter alia*, that he had a "disability," defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual...."[4] Emotional or mental illness can be a "mental impairment."[5] Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working,"[6] and "substantially limited" means "(i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii) [s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to...the average person in the general population...."[7] Regarding the major life activity of working, the term "substantially limited" means

> significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various

---

[3] *See McAvey v. Lee*, 260 F.3d 359, 363 (5th Cir. 2001).

[4] 42 U.S.C. §§ 12102(2)(A); *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999). Curl does not allege the other two ways to show a disability.

[5] 29 C.F.R. § 1630.2(h)(2).

[6] *Id.* § 1630.2(i).

[7] *Id.* § 1630.2(j)(1). In determining whether a person is substantially limited in a major life activity, we consider the nature, severity, duration, and effects of the impairment. *Id.* § 1630.2(j)(2).

classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation on the major life activity of working.[8]

Factors to consider when determining whether someone is substantially limited in working include

> (A) The geographical area to which the individual has reasonable access;
> (B) The job from which the individual has been disqualified..., and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or
> (C) The job from which the individual has been disqualified..., and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).[9]

Even assuming that Curl had an "impairment" affecting his claimed "substantial life activities" of, *inter alia*, "sleeping, concentrating, interacting with crowds of people, thinking, [and] hearing," he has not shown a genuine issue of material fact that he was "substantially limited" in those activities.[10] His primary evidence consists of bald assertions based on textbook explications of the types of symptoms people with his impairment might

---

[8] *Id.* § 1630.2(j)(3)(i).

[9] *Id.* § 1630.2(j)(3)(ii).

[10] Citing *Bragdon v. Abbott*, 524 U.S. 624 (1998) and *Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999), Curls argues that "substantially limited" is a fact question, inappropriately decided on summary judgment. Of course, courts often decide fact questions on summary judgment – when there is no genuine issue as to them.

experience, failing to show Curl's own symptoms - his own "own experience" of substantial limitation.[11] Furthermore, that Curl was able to care for himself, complete a degree program, and work other jobs despite his impairment, and his testimony that his condition "hasn't affect any abilities," belie his conclusory testimony regarding his symptoms.[12]

Curl also argues that his impairment limited his major life activity of working because he could not work night shifts. Because he did not present this issue to the district court, it is waived.[13] And even if we were to consider it, he has not raised a genuine issue of material fact. He points only to Department of Labor statistics showing that over four million positions in various industries involve night shifts, allegedly showing he is "unable to perform a broad range of jobs in numerous industries." Not only are these statistics too broad because not limited to Curl's specific geographic area or people with "comparable training, skills, or abilities," but Curl's inability to perform a

---

[11] *See Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003); 29 C.F.R. § 1630.2(j).

[12] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Moreover, as the district court noted, that testimony referred to problems he was having before resigning from United the first time, rendering it irrelevant here. Curl concedes this, arguing instead that United has not produced any evidence showing that Curl no longer suffers from the same problems. This misplaces the burden of proof, for a plaintiff to survive summary judgment must proffer facts sufficient to support the claim. Only then does the non-movant have the burden to come forward with specific facts in rebuttal.

[13] *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994).

4

job at certain times - as opposed to an inability to perform the job in general - is an insufficient "inability to perform one aspect of a job while retaining the ability to perform the work in general...."[14] Indeed, Curl concedes that he could perform the work of a doughnut fryer during the day and that he held daytime bakery and sales positions after leaving United. Curl was not unable to work a "broad range of jobs in various classes," he was only unable to work any job at a range of times.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[14] *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 727 (5th Cir. 1995) (holding that plaintiff's inability to perform welding job requiring climbing due to her injured arm was insufficient because she could work as a welder in general).