United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60413
Summary Calendar

_____

JAMES HARVEY, JR.,

                                    Plaintiff-Appellant,

versus

RICHARD STRINGER, in His Official Capacity as Sheriff of Marion
County, Mississippi,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 02-CV-121
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant, James Harvey, Jr. ("Harvey"), appeals

the district court's grant of Defendant-Appellee's motion for

summary judgment on Harvey's 42 U.S.C. § 2000e-5 retaliation

claim.  Harvey claims that he was terminated by Sheriff Stringer

("Stringer") in retaliation for his filing of an EEOC charge

---

     [*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

against Stringer.[1]  Because we agree with the district court that Appellant has raised no genuine issue of material fact, we affirm.

We review a district court's grant of summary judgment *de novo*.  *Price v. Fed. Express Corp.*, 283 F.3d 715, 719 (5th Cir. 2002).  Summary judgment is appropriate if the evidence, viewed in the light most favorable to the non-movant, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Price*, 283 F.3d at 719.

In order for a plaintiff-employee to prove a prima facie case of retaliation, he must show: (1) that the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between the protected activity and the adverse employment action.  *Haynes v. Pennzoil Company*, 207 F.3d 296, 299 (5th Cir. 2000).

Harvey and Stringer agree that Harvey satisfied the first two elements of a prima facie case.  Harvey engaged in an activity protected by Title VII when he filed his EEOC charge in January 2001.  Sheriff Stringer took adverse employment action

---

[1]Harvey worked as deputy warden at the Marion Walthall Correctional Facility in Marion County, Mississippi.  Sheriff Stringer, the sheriff of Marion County, is responsible for the management and control of the facility.  Harvey worked as deputy warden from February 2000 until October 2001.

against Harvey when he terminated Harvey in October 2001.

The district court found that Harvey did not prove the third element of a prima facie case for retaliation. Harvey asserts that he presented sufficient evidence for a reasonable jury to find that there was a causal connection. Having reviewed the record and the briefs on appeal, we find that Harvey has not presented sufficient evidence to raise a genuine issue of material fact on causation.

Harvey did not present any probative evidence to demonstrate a causal connection between his filing of an EEOC complaint and his termination. He submitted four largely irrelevant and/or inadmissible affidavits to support his contention. These affidavits fail to establish a fact issue with respect to causation. A reasonable factfinder could not infer causation from Harvey's evidence. Harvey also relies on the close timing between the filing of his EEOC charge and his termination. This Court has recognized that close timing between an employee's protected activity and an adverse action against him may provide the causal connection required to make out a prima facie case. *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). However, a period of 10 months elapsed between Harvey's EEOC charge in January 2001 and his termination in October 2001. This Court has never held that a 10-month time lapse, on its own, is sufficient to satisfy the causal connection for summary

3

judgment purposes. *See, e.g.*, *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001)("We note that a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes.")(internal quotation and citation omitted).

Even if, however, we were to find that Harvey established a prima facie case of retaliation, Stringer has presented uncontroverted evidence demonstrating that he had legitimate, nondiscriminatory reasons for Harvey's termination. In a Title VII retaliation claim, "[a]ssuming the plaintiff is able to establish his prima facie case, the burden then shifts to the defendant to demonstrate a legitimate nondiscriminatory purpose for the employment action. If the defendant makes the required showing, the burden returns to the plaintiff to demonstrate that the employer's articulated reason for the employment action was a pretext for the real, discriminatory reason." *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001).

Stringer presented evidence of multiple, legitimate reasons for Harvey's termination, including the use of inmate labor on personal property; permitting illegal activities of certain inmates; permitting physical abuse of prisoners; and failure to follow proper procedure with regard to narcotics seized from prisoners. Such evidence satisfies Stringer's burden of articulating a legitimate, nondiscriminatory reason for

4

terminating Harvey's employment.

Harvey, in response, has failed to even attempt to provide evidence to counter most of Stringer's proffered reasons for his termination of Harvey. Accordingly, even if we were to find that Harvey established a prima facie case of retaliation, we would find that Harvey did not present sufficient evidence to create a fact issue regarding the falsity of the reasons provided by Stringer.

For the foregoing reasons, the opinion of the district court is in all ways AFFIRMED.