United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51259
Summary Calendar

_____

JAMES L. BRYAN,

Plaintiff-Appellant,

versus

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(No. 3:04-CV-258)

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James L. Bryan appeals the district court's grant of summary judgment against him

on his Title VII claims. For the following reasons, we affirm.

## I. FACTS AND PROCEEDINGS

Bryan, a white male born in 1956, was employed as a pilot for the Bureau of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Immigration and Customs Enforcement, Department of Homeland Security ("Customs").

Bryan was assigned to the El Paso Air Unit, where his supervisors were John Studinarz and David Lent. In 2001, Bryan informally complained to a government employment discrimination counselor that a co-worker, Robert Wimpy, used racially-disparaging remarks in Bryan's presence and that the remarks offended him, in part, because his wife was black. Wimpy received a letter of reprimand later in 2001, and it appears that he has not made further disparaging remarks in Bryan's presence.

In January 2003, Bryan formally complained to an employment discrimination counselor that younger pilots were receiving so-called collateral duties, including the duty of instructor pilot, that he, an Age Discrimination Employment Act ("ADEA") protected person, did not receive. Bryan also complained that he was the victim of retaliation for reporting Wimpy's behavior, asserting that his work environment had become hostile.

In May 2003, the Customs' Disciplinary Review Board ("DRB") informed Bryan of a proposed disciplinary action against him. The bases for this action were that Bryan was absent without leave ("AWOL"), misused a government-owned vehicle by temporarily appropriating it for personal use, failed to follow supervisory instructions, and made a false statement to a supervisor. Bryan contested the proposed action by asserting that it was in response to Bryan's prior employment discrimination complaints.

After receiving notice of the DRB proposal, Bryan filed another discrimination complaint in July 2003, the substance of which was essentially the same as the January 2003 complaint. Ultimately, in September 2003, Charles Stallworth, who reviewed the DRB

proposal, accepted the proposal without the AWOL allegation and suspended Bryan for thirty days. Bryan appealed to the Merit Systems Protection Board ("MSPB"), which affirmed Stallworth's decision.

This lawsuit ensued with Michael Chertoff, Secretary of the Department of Homeland Security, as defendant. The district court granted Chertoff's motion to strike Bryan's summary judgment evidence and granted summary judgment on Bryan's Title VII discrimination, retaliation, and retaliatory hostile work environment claims.

## II. DISCUSSION

### A. Motion to strike

This court reviews a motion to strike evidence for abuse of discretion. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil*, 73 F.3d 546, 569 (5th Cir. 1996). Rarely will a district court's decision constitute reversible error. *See id.*; *see also Jenkins v. Ball Corp.*, 140 F. App'x 519, 523 (5th Cir. 2005). Bryan complains that the district court abused its discretion when it granted Chertoff's motion to strike Bryan's summary judgment evidence, in which Chertoff argued that Bryan's evidence did not satisfy Rule 902 of the Federal Rules of Evidence and Rule 56(e) of the Federal Rules of Civil Procedure. Bryan argues that his evidence, which consisted mostly of the disciplinary proceedings record developed before the MSPB, satisfied the relevant evidentiary and procedural rules. However, considering the expansive discretion afforded the district court in evidentiary matters and that Bryan has made no persuasive demonstration that this ruling prohibited him from proffering evidence to rebut Chertoff's summary judgment motion, we find no

3

reversible error.

**B.     Bryan's Title VII claims**

The district court's grant of summary judgment is reviewed de novo. *Storebrand Ins. Co. U.K., Ltd. v. Employers Ins. of Wausau*, 139 F.3d 1052, 1055 (5th Cir. 1998). Bryan argues that the district court erred in granting summary judgment on his discrimination, retaliation, and retaliatory hostile work environment claims.

**(1)     Discrimination claims**

Bryan's alleged both age and race discrimination, the latter based on his marriage to a black woman. The district court found that Bryan had failed to establish a prima facie case of age and race discrimination because the decision not to assign Bryan instructor pilot duties was not an adverse employment action. Bryan argues that the Supreme Court's decision in *Burlington Northern & Sante Fe Railway Co. v. White*, 126 S. Ct. 2405, 2414 (2006), which rejected the Fifth Circuit's "ultimate employment decision" standard for a retaliation claim, makes the district court's grant of summary judgment on his discrimination claims erroneous.

We need not assess *Burlington Northern*'s effect on Bryan's discrimination claims because as Chertoff correctly contends, Bryan has not established his prima facie case. An ADEA plaintiff must connect his protected status to actionable harm by offering evidence that he was fired and replaced by someone younger, was treated less favorably than employees who were similarly situated yet not members of a protected class, or was otherwise discharged because of his age. *See West v. Nabors Drilling USA, Inc.*, 330 F.3d

4

379, 384 (5th Cir. 2003); *see also Morrison v. Weyerhaeuser*, 119 F. App'x 581, 584 (5th Cir. 2004). Bryan does not allege discharge, so the inquiry focuses on whether other similarly situated employees were treated differently. At summary judgment, Chertoff offered evidence indicating that pilots who were *older* than Bryan had received the collateral duties Bryan sought. Moreover, Bryan has not pointed to any individuals who were similarly situated, *i.e.*, had the same disciplinary record as him, but were younger and yet received the instructor pilot duty.[1] *See Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). As to the race claim, Bryan offers only his conclusory assertions connecting his spouse's race to the collateral duties. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) ("In short, conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."). We affirm the district court's grant of summary judgment on Bryan's age and race discrimination claims.

## (2)    Retaliation claim

To establish a prima facie case of Title VII retaliation, the plaintiff must show that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and

---

[1]To the extent that Bryan's age discrimination claim includes the argument that other, younger pilots had used government vehicles for personal reasons without authorization yet not been punished, Bryan only offers the conclusory testimony of one co-worker who stated that some "individuals" had used the vehicles without punishment. Such testimony is insufficient since it did not state how the individuals were situated similarly to Bryan. *See Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) ("[A] summary assertion made in an affidavit is simply not enough evidence to raise a genuine issue of material fact.").

(3) a causal link existed between the protected activity and the adverse action. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002).

Bryan's retaliation claims arise from events that occurred around the time of Bryan's filing of two discrimination complaints, the first in January 2003 and the second in July 2003. His contention is that the initiation of disciplinary proceedings, of which he was notified in May 2003, and the end result of those proceedings, which was a thirty day suspension announced in September 2003, were retaliation for his complaints. Bryan also contends that not receiving the instructor pilot duties was retaliation.

The district court granted summary judgment in favor of Chertoff, finding that the September suspension could not have been retaliation for the July complaint because the July complaint was filed *after* the disciplinary proceeding leading to the September suspension had been initiated. As for whether the disciplinary proceeding was causally connected to Bryan's January 2003 complaint, the district court found that it was not because Chertoff "would have undertaken the thirty (30) day suspension even absent [Bryan's discrimination-reporting] activity." The district court credited Chertoff's evidence that Studinarz and Stallworth did not have knowledge of Bryan's complaints at times at which an inference of retaliatory causation would have been supported.

On appeal, Bryan asserts that the disciplinary proceedings were initiated soon after his January 2003 complaint (four months) and that this proximity coupled with the repeated instances of harassment that he suffered both before and after the complaint are sufficient to establish prima facie causation. Bryan does not challenge the district court's

6

conclusion with regard to Studinarz's and Stallworth's knowledge of the employment discrimination complaints. Moreover, Bryan makes only passing references to disparaging racial remarks made by his co-worker, Wimpy, in 2001, and he has clearly established no retaliatory nexus between these comments and Bryan's discrimination complaints filed later.[2] In addition, there was a legitimate non-retaliatory reason for the disciplinary actions; Bryan does not contest that he committed the violations for which Stallworth suspended him.

Bryan also argues that the decision not to assign Bryan flight instructor duties was retaliation for filing discrimination complaints. Bryan, however, has not demonstrated a connection between the two, nor has he offered any evidence to rebut the legitimate non-retaliatory reasons for the decision. Mark Schindler, the Customs official responsible for assigning the flight instructor duties in question, testified that in 2000—before Bryan had lodged any employment discrimination complaints—Schindler received feedback from Bryan's supervisors that Bryan would not make a good instructor pilot. Bryan had a disciplinary record. He has not identified any evidence to the contrary. We affirm the district court's grant of summary judgment on Bryan's retaliation claim. *See Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1185 (5th Cir. 1997).

---

[2] Also, Bryan has not shown any connection between his informal complaint regarding Wimpy's racial remarks in 2001 and the September 2003 suspension. His conclusory assertions regarding intervening harassment do not connect these events, which are separated by two years. *See Harvey v. Stringer*, 113 F. App'x 629, 631 (5th Cir. 2004) (concluding that no causation existed where ten months had elapsed between the protected activity and the alleged retaliatory action).

### (3) Retaliatory hostile work environment

Bryan asserts a hostile work environment that was retaliation for his protected activity, filing discrimination complaints. Chertoff moved for summary judgment on the grounds that Bryan had not made out a prima facie case of retaliatory hostile work environment. The district court, however, declined to reach the substantive issues in Chertoff's motion, concluding that no such cause of action exists in the Fifth Circuit.

On appeal, Bryan urges the panel to recognize a retaliatory hostile work environment claim. Bryan asserts that the weight of authority supports this view and that the Supreme Court's *Burlington Northern* decision counsels in favor of recognizing such a claim.[3] We need not decide whether to recognize a retaliatory hostile work environment claim or, if such a claim existed, what effects *Burlington Northern* were to have on the plaintiff's burden to prove actionable harm. Bryan cannot establish a prima facie case of hostile work environment, even under the *Burlington Northern* standard.

A prima facie case of hostile work environment requires the plaintiff to prove, *inter alia*, that the employee was subject to unwelcome harassment and that the employer should have known of the harassment and failed to take prompt remedial action. *Felton v. Polles*, 315 F.3d 470, 484 (5th Cir. 2002). Bryan offers only cursory assertions that

---

[3]At least the Second, Sixth, Seventh, Ninth, and Tenth Circuits have adopted this cause of action. *See Ray v. Henderson*, 217 F.3d 1234, 1244–45 (9th Cir. 2000); *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 791 (6th Cir. 2000); *Richardson v. N.Y. State Dep't of Correctional Servs.*, 180 F.3d 426, 446 (2d Cir. 1999); *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1264–65 (10th Cir. 1998); *Knox v. Indiana*, 93 F.3d 1327, 1334 (7th Cir. 1996).

8

Chertoff's actions have resulted in a hostile work environment. For example, Bryan complains that Studinarz yelled loudly in the workplace; however, according to Bryan's deposition testimony, Studinarz's yelling was directed at all employees. Bryan also complains that Lent removed Bryan's flight jacket from his work space. Such an action is trivial and cannot support a hostile work environment claim. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (noting that Title VII does not protect against the "ordinary tribulations of the workplace"); *see also Burlington Northern*, 126 S. Ct. at 2407 ("An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience."). To the extent that Bryan complains of Wimpy's racially insensitive remarks delivered in 2001 as constituting a hostile work environment, these occurred before Bryan filed any employment discrimination complaints, and Chertoff took prompt actions to correct the problem. Accordingly, Bryan has not established a prima facie case of hostile work environment, and the district court's grant of summary judgment was proper.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision to strike Bryan's summary judgment evidence and AFFIRM the district court's grant of summary judgment on Bryan's discrimination, retaliation, and retaliatory hostile work environment claims.

9