**Kenneth DORTCH, Plaintiff,**

v.

**MEMORIAL HERMAN HEALTH-CARE SYSTEM–SOUTH-WEST, Defendant.**

Civil Action No. H–06–2962.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 28, 2007.

Ike N.A. Waobikeze, Waobikeze & Associates, P.C., Houston, TX, for Plaintiff.

Shauna Johnson Clark, Jaclyn Adele Schmitt Hermes, Kristina C. Frankel, Fulbright & Jaworski LLP, Houston, TX, for Defendant.

## MEMORANDUM AND ORDER

NANCY F. ATLAS, District Judge.

Pending before the Court in this employment discrimination case is a Motion for Summary Judgment ("Motion") [Doc. # 27] filed by Defendant Memorial Hermann Hospital System ("Memorial Hermann").[1] Plaintiff Kenneth Dortch has responded [Doc. # 31][2] and Memorial Hermann has replied [Doc. # 32]. The Court has considered these documents, all pertinent matters of record, and applicable legal authorities. The Court concludes that Defendant's Motion should be **granted.**

## I. FACTUAL BACKGROUND

Plaintiff Kenneth Dortch, a forty-six year old African–American male, was hired by Defendant Memorial Hermann as a security officer in 2001. Dortch suffers from a condition called ankylosing spondylitis, which is a form of arthritis that causes stiffness along the spine, and from an undefined problem with his eyesight.[3] According to Dortch, the ankylosing spondylitis requires that he maintain flexibility. Thus, he cannot sit or stand for more than two hours at a time without stretching, and cannot run for more than a few minutes at a time. In short, Dortch claims that he can "do a part of everything" in life so long

---

1. Plaintiff incorrectly named Defendant as "Memorial Herman Healthcare System–Southwest."

2. Dortch filed his suit *pro se*, but retained counsel after Memorial Hermann submitted its Motion for Summary Judgment [Doc. # 27]. *See* Designation of Ike N.A. Waobikeze, Esq. as Attorney in Charge of Kenneth Dortch [Doc. # 28].

3. Dortch claims that the problem with his sight is an "over forty type thing." Defendant's Motion for Summary Judgment [Doc. # 27], Ex. A: Dortch Deposition Transcript ("Dortch Depo."), at 281. Defendant surmis-

es that Dortch is suffering from presbyopia, which is the weakening of the eye with age. Defendant's Motion for Summary Judgment [Doc. # 27], at 3 n. 2.

> In any event, Dortch has stated under oath that he only started to experience vision-related symptoms during his final week of employment with Memorial Hermann and did not share his concerns regarding his eyesight with his employer. In addition, he did not seek a medical opinion until after his termination from the company. Dortch Depo., at 281–82. Thus, only Dortch's ankylosing spondylitis is relevant to this suit.

as he flexes to avoid getting too stiff.[4]

In his role as a security officer, Dortch was expected to conduct patrols of Memorial Hermann's hospital complex, respond to disturbances, and escort patients and employees around the complex. Dortch claims that his medical conditions did not limit his ability to perform his job.[5]

As a Memorial Hermann employee, Dortch received a copy of the company's human resources manual, which, *inter alia*, outlined Memorial Hermann's "no-call/no-show" policy. The policy defines a "no-call/no-show" as the "[f]ailure to notify one's manager prior to any unscheduled absences" and states that a failure to abide by the policy is grounds for termination.[6]

By all accounts, Dortch's tenure with Memorial Hermann was rocky. Dortch was disciplined for a variety of infractions during his approximately five years with the company and Dortch himself has detailed a history of conflict with his supervisors.[7] In November 2003, Dortch was counseled for excessive absenteeism; in April 2004, Dortch received a verbal warning after having a confrontation with another Memorial Hermann employee; in August 2004, Dortch was counseled for working unauthorized overtime in contra-

vention of his supervisor's directions; in March 2005, Dortch was again counseled for poor attendance and punctuality.[8]

Late in the afternoon of January 12, 2006, Dortch was working a scheduled shift at Memorial Hermann. Dortch's supervisor, Edmond Stevenson, saw Dortch patrolling the hospital complex in a golf cart after Dortch had escorted a woman to her car. Stevenson stopped to speak with Dortch about the amount of time it took Dortch to complete the escort. Dortch became argumentative and expressed his resentment at Stevenson for questioning Dortch's abilities.

Approximately an hour and a half later, Stevenson instructed Dortch to use the golf cart to patrol a certain area of the hospital complex. Dortch continually refused, claiming that the cart lacked headlights and thus, created a safety hazard if driven at night. After informing Dortch that the cart was equipped with a flashing light on its roof, which should have made it highly visible, Dortch continued to refuse his supervisor's instructions to patrol with the cart and stated that he wanted to "walk around and stretch."[9] The exchange became increasingly heated, and Dortch was subsequently ordered to clock

**4.** *Id.* at 192–96.

**5.** *Id.* at 194–95.

**6.** *See* Defendant's Motion for Summary Judgment [Doc. # 27], Ex. B1: "Memorial Hermann Policies."

**7.** *See, e.g.,* Dortch Depo., at 102–09, 118–30.

**8.** In his Response to Defendant's Motion for Summary Judgment ("Response") [Doc. # 31], Dortch alleges that "during nearly all" of his tenure with Memorial Hermann, he "performed his job duties beyond the level expected of him." Response [Doc. # 31], ¶ 10. In support of this assertion, Dortch references two performance reviews he received during his employment. *See* Response [Doc. # 31], Ex. 1: "Individual Performance and Development Summary." These documents do not support Dortch's position. In his 2003–2004 evaluation, the only statement made by Dortch's evaluator is: "Dortch is one of the active officers, by helping out at other units when needed. Should follow chain of command more appropriately. Has good knowledge of policies." *Id.* at 1. Dortch's 2004–2005 evaluation includes no statements from the evaluator, but notes that Dortch's "Performance Rating was 2.00" and his "Behavioral Expectations Rating was 2.00." *Id.* at 7. Dortch does not explain the meaning of these ratings nor the scale on which they are based.

**9.** Dortch Depo., at 226.

out and go home. He was also instructed by Stevenson to contact the security department manager the next day to discuss the situation.[10] Dortch failed to contact the manager as instructed, and also failed to report to work, or follow the company's call-in policy, for his next scheduled shift on January 18, 2006.[11]

On January 18th Stevenson saw Dortch working out at Memorial Hermann's gym. After discovering that Dortch was scheduled to work and that he had failed to call in as required, Stevenson contacted Dortch by phone and instructed him to report to work the next day. On the 19th, Dortch met with Mike Robins, Memorial Her-

mann's Security Manager, who put Dortch on suspension, pending termination, for violating the company's "no-call/no-show" policy. Dortch was subsequently terminated on January 24, 2006.

Dortch thereafter filed a complaint with OSHA, alleging that Memorial Hermann retaliated against him for complaining about the company's alleged violations of health and safety standards. Dortch also claims to have sought redress from the Equal Employment Opportunity Commission ("EEOC"), alleging that Memorial Hermann discriminated against him based on sex, age, and disability. The Department of Labor rejected his claims,[12] as did

10. In Dortch's Response [Doc. # 31], signed by counsel, he alleges that after he left work, Stevenson called him at home and told him not to come back to work unless and until Memorial Hermann's Security Manager, Mike Robins, gave him permission to do so. See Response [Doc. # 31], ¶ 11. Dortch offers no record citations for this assertion and the claim finds no support in any documents referenced by Dortch in his Response. See Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir.1998) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915–16 n. 7 (5th Cir.1992)) ("Rule 56 does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment."). In fact, Dortch's allegation contradicts testimony he offered during his deposition. See Dortch Depo., at 248 ("Q: [O]n January 12, he [Stevenson] did not say to you, 'Do not come in unless you're contacted,' correct? A: Did he say that? No, he did not say that."). " [C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment." Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.2002) (quoting Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir.1996)). Thus, Dortch's unsupported assertion, made solely through counsel, is not evidence and is insufficient to defeat summary judgment. See Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir.1996) ("[P]leadings are not summary judgment evidence.").

11. Dortch claims that his failure to abide by the "no-call/no-show" policy was understandable because he had previously been "reprimanded for showing up to work after being placed on suspension." Response [Doc. # 31], at 6. In support of this assertion, Dortch references a document that summarizes a verbal reprimand Dortch received in August 2004. See Response [Doc. # 31], Ex. 4: "Problem Resolution." This document does not support Dortch's position. Instead, it states that Dortch was counseled for creating unauthorized overtime by coming to work and clocking in after being told the day prior not to work overtime unless contacted by his supervisor. Id.

12. Dortch maintains that Memorial Hermann admitted in its submissions to OSHA that it "operat[ed] an unsafe and hazardous vehicle." Response [Doc. # 31], ¶ 13. As evidence of that, Dortch has provided a copy of a February 2006 letter from Memorial Hermann to OSHA which states that the golf cart about which Dortch complained was being "retrofitted with headlights and brake lights." See Response [Doc. # 31], Ex. 7: "Memorial Hermann Letter." In the letter, Memorial Hermann makes no admissions of fault. In August 2007, OSHA completed its investigation of Dortch's complaint and deemed further proceedings "unwarranted." Defendant's Motion for Summary Judgment [Doc. # 27], Ex. D: "Department of Labor Dismissal Letter."

the EEOC.[13]

Dortch also sought unemployment benefits and had a hearing before the Texas Workforce Commission ("TWC") regarding his eligibility. The TWC ultimately determined that Memorial Hermann did not comply with the terms of its disciplinary procedures in terminating Dortch and that Dortch's discharge was not for work-related misconduct.[14]

Thereafter, Dortch filed suit, claiming:

He had been discriminated against because of his gender, which is in violation of Title VII of the Civil Rights Act of 1964.... He also believe [sic] that he was discriminated against because of a disability [sic], within the definition of the American [sic] with Disabilities Act of 1990[.] Plaintiff was also discriminated against because of his age and was also discriminated against because of his involvement in protected safety health [sic] activity.[15] (See attached exhibits[.])[16]

13. *See* Defendant's Motion for Summary Judgment [Doc. # 31], Ex. E: "EEOC Right to Sue Letter."

14. *See* Response [Doc. # 31], Ex. 2: "Texas Workforce Commission Appeal Tribunal Findings."

15. Amended Original Complaint [Doc. # 7], at 2. In his Response [Doc. # 31], Dortch alleges for the first time that Memorial Hermann also violated his rights under the First, Fifth, and Fourteenth Amendments to the Constitution. Response [Doc. # 31], ¶ 16. Because these charges were not raised in his Amended Original Complaint [Doc. # 7], they are not properly before the Court. *See Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 114 (5th Cir.2005) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990)) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the Court."). Similarly, Dortch's Response appears to be raising for the first time a race discrimination claim under the Civil

Memorial Hermann has denied all allegations in Dortch's complaint.

## II. *LEGAL STANDARD*

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir.2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

Rights Act of 1964 and violations of the Sarbanes–Oxley Act. These, too, are not properly before the Court.

16. Dortch's Amended Complaint [Doc. # 7] contains no attached exhibits. His original complaint filed in state court contained over one hundred pages of exhibits. *See* Notice of Removal [Doc. # 1]. The Court is uncertain of the relevance of many of the documents. For example, the documents include "Security Rounds Logs," an advertisement for an ambulance service, and notarized letters from Dortch detailing a grievance he had concerning his medical insurance. However, as none of these exhibits has been referenced in Dortch's Response, they are not relevant to the present inquiry. *See Ragas,* 136 F.3d at 458 ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.").

law." FED.R.CIV.P. 56(c); *Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. 2548; *Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir.2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna,* 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out " 'the absence of evidence supporting the non-moving party's case.' " *Duffy v. Leading Edge Products, Inc.,* 44 F.3d 308, 312 (5th Cir.1995) (quoting *Skotak,* 953 F.2d at 913). However, if the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.,* 289 F.3d at 375.

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir.2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV Inc. v. Robson,* 420 F.3d 532, 536 (5th Cir.2005) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir.2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir.1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.,* 302 F.3d 531, 545 n. 13 (5th Cir.2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir.1998). Instead, the non-moving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little,* 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Finally, "[w]hen evidence exists in the summary judgment record but the non-movant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir.2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted); *see also de la O v. Hous. Auth. of El Paso,* 417 F.3d 495, 501 (5th Cir.2005).

## III. ANALYSIS

### A. Statute of Limitations

In its Motion for Summary Judgment [Doc. # 27], Memorial Hermann first

argues that Dortch's claims are barred by the applicable statute of limitations. Specifically, Memorial Hermann asserts that Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA") all require that a claimant file suit within ninety days of receiving a "right to sue" letter from the EEOC and that Dortch failed to do so. As evidence, Memorial Hermann points to Dortch's right to sue letter, which is dated May 26, 2006;[17] Dortch filed suit on August 29, 2006. In response, Dortch has provided the Court a copy of the envelope allegedly containing his right to sue letter. The envelope is postmarked May 30, 2006.[18]

In its Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Reply") [Doc. # 32], Memorial Hermann does not dispute the veracity of the postmark and the Court has no reason to question its authenticity. Thus, the Court deems Dortch's suit timely filed.

## B. Dortch's Claim under the Occupational Health and Safety Act

■ Although Dortch's complaint fails to allege the provision under which he is entitled to relief for Memorial Hermann's alleged "discriminat[ion] against [him] because of his involvement in protected safety health [sic] activity," [19] the parties have construed this claim as arising under Section 11(c) of the Occupational Health and Safety Act, 29 U.S.C. § 660(c).[20] Memorial Hermann argues that such a claim must fail, because Section 11(c) does not create a private right of action for an alleged retaliatory action by an employer.[21]

In response, Dortch cites a Texas state court case which he claims lays out the "essential elements to sustain a claim for the discharge of an employee under Section 11(c) of the Occupational Safety and Health Act...." [22] However, this case actually discusses the elements of a claim under the Texas Whistleblower Act, Tex. Gov't Code Ann. §§ 554.001–.010, a statute different from that under which Dortch asserts this claim. Dortch also alleges that he is protected under the Sarbanes–Oxley Act of 2002, Pub.L. No. 107–204, 116 Stat. 745, from Memorial Hermann's alleged retaliatory conduct.[23] However, as noted previously, Dortch may not assert this new claim at this stage of litigation.[24]

Because "there is no private cause of action under federal law for a private employer's retaliatory discharge of an employee contrary to section 11(c)," George v. Aztec Rental Ctr., Inc., 763 F.2d 184, 186 (5th Cir.1985), Dortch's OSHA claim fails.

17. See Defendant's Motion for Summary Judgment [Doc. # 31], Ex. E: "EEOC Right to Sue Letter."

18. See Response [Doc. # 31], Ex. 8: "Envelope from EEOC." May 26, 2006 was the Friday before Memorial Day. Even if the letter was prepared on the 26th, the letter was not actually mailed until Tuesday, May 30, 2006.

19. Amended Original Complaint [Doc. # 7], at 2.

20. See Defendant's Motion for Summary Judgment [Doc. # 27], at 1, 9–10; Response [Doc. # 31], ¶¶ 20, 22.

21. Defendant's Motion for Summary Judgment [Doc. # 27], at 9–10.

22. Response [Doc. # 31], ¶ 20 (citing Llanes v. Corpus Christi Indep. Sch. Dist., 64 S.W.3d 638 (Tex.App.-Corpus Christi 2001, pet. denied)).

23. Id. ¶ 24.

24. See supra note 15. In addition, a Sarbanes–Oxley claim must fail as Memorial Hermann is not a publicly traded company. See 18 U.S.C. § 1514A(a)(1) (limiting application of the Act's anti-retaliation provisions to publicly traded companies).

Memorial Hermann is entitled to summary judgment on this cause of action.

## C. *Dortch's Sex Discrimination Claim*

■ Dortch alleges that he was "discriminated against because of his gender ... in violation of Title VII of the Civil Right [sic] Act of 1964." [25] In raising this claim, Dortch does not specify whether he is seeking relief because he was subjected to disparate treatment on the basis of his sex or whether he is raising a hostile work environment claim. Memorial Hermann solely addresses disparate treatment in its Motion for Summary Judgment. Dortch, in his Response, appears to focus on Memorial Hermann's alleged creation of a hostile work environment.[26] However, he cites a litany of alleged wrongful acts by Memorial Hermann, many of which appear wholly unrelated to a hostile workplace claim,[27] and suggests, without citation to legal authority, that he was actually subject to unlawful "retaliation." [28] The Court is not obligated to sift through incomprehensible pleadings to determine a party's claim. *See Old Time Enters. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1219 (5th Cir. 1989); *see also de la O v. Hous. Auth. of City of El Paso*, 417 F.3d 495, 501 (5th Cir.2005) (quoting *United States v. Dunk-

el*, 927 F.2d 955, 956 (7th Cir.1991)) ("Judges are not like pigs, hunting for truffles buried in briefs."). Nonetheless, it is clear that Dortch has failed to raise a *prima facie* case of sex discrimination under any theory fairly divined from his submissions to the Court.

### 1. *Disparate Treatment*

■ In order to defeat Memorial Hermann's summary judgment motion, Dortch must raise a genuine issue of material fact whether Memorial Herman discriminated against him on the basis of his sex. *See* FED.R.CIV.P. 56(c). Unlawful discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, can be established through either direct or circumstantial evidence. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir.2001) (citing *Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir.1998)). As Dortch sets forth no direct evidence of disparate treatment, his claim is analyzed using the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see also Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir.2007). Under this test, a plaintiff must initially establish a *prima facie* case of sex discrimination, which rais-

---

**25.** Amended Original Complaint [Doc. # 7], at 2.

**26.** *See* Response [Doc. # 31], ¶ 28 (citing *Septimus v. Univ. of Houston*, 399 F.3d 601, 611 (5th Cir.2005), to list the elements of a *prima facie* hostile work environment claim).

**27.** For example, Dortch complains at length that Memorial Hermann held men and women to different grooming standards. *See* Response [Doc. # 31], ¶¶ 28–29. He also complains—without citation to the record—that at least one female employee was permitted to take extended breaks and claims that a female with a felony record was employed as a security guard, allegedly in violation of Texas De-

partment of Public Safety regulations. *Id.* ¶¶ 31–32.

**28.** *See id.* Specifically, Dortch alleges that:

The Defendants created a hostile work environment because of the Plaintiff's lawful complaints of sex discrimination and preferential treatment of female officers.... Defendant's scheme of retaliation included never promoting the Plaintiff even though he was qualified for other supervisory positions for which he applied.... As further evidence of retaliation against the Plaintiff, his work hours were changed for no apparent reason and he had a drastic reduction in his radio transmissions.

*Id.* ¶ 32.

es a presumption of discrimination. *Id.*; *see also Wallace*, 271 F.3d at 220. If successful, the burden then shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for its actions. *Alvarado*, 492 F.3d at 611. The burden on the defendant at this stage " 'is one of production, not persuasion; it can involve no credibility assessment.' " *Id.* (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (internal quotation and citation omitted)). If the defendant sustains its burden, "the presumption of discrimination dissipates." *Wallace*, 271 F.3d at 220 (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000)). The burden then "shifts back to the plaintiff to establish: (1) that the employer's proffered reason is not true[,] but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Alvarado*, 492 F.3d at 611 (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)). "The plaintiff bears the ultimate burden of persuading the trier of fact ... that the employer intentionally discriminated against [him] because of [his] protected status." *Wallace*, 271 F.3d at 220 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511–12, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

▇ To establish a *prima facie* case of sex discrimination, Dortch must show: "(1) [he] is a member of a protected class, (2) [he] was qualified for [his] position, (3) [he] suffered an adverse employment action, and (4) others similarly situated [but out-side the protected class] were treated more favorably." *Willis v. Coca Cola Enters.*, 445 F.3d 413, 420 (5th Cir.2006) (citing *Rutherford v. Harris County*, 197 F.3d 173, 184 (5th Cir.1999); *see also Alvarado*, 492 F.3d at 611). The parties do not dispute that Dortch—as a male—is a member of a protected class. The parties also do not contest that Dortch was qualified for his position as a security guard. Thus, the Court looks to whether Dortch has presented sufficient evidence on the third and fourth elements of a *prima facie* case of sex discrimination to survive summary judgment.

▇ Memorial Hermann asserts that Dortch has failed to establish the third element of his *prima facie* case because Dortch was not subject to an adverse employment action due to his sex. In a Title VII case, an adverse employment action must be an " 'ultimate employment decision ... such as hiring, granting leave, discharging, promoting, and compensating.' " *Brazoria County v. EEOC*, 391 F.3d 685, 692 (5th Cir.2004) (quoting *Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir. 1995)). "An employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action under Title VII." *Banks v. E. Baton Rouge Parish School Bd.*, 320 F.3d 570, 575 (5th Cir.2003) (quoting *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 769 (5th Cir.2001)).

▇ While Memorial Hermann focuses its adverse employment action briefing on Dortch's assertions that he was "required to work harder than a co-worker" and that "Memorial Hermann was tougher on him," [29] it is uncontested that Memorial Hermann fired Dortch. Termination is an

---

**29.** *See* Defendant's Motion for Summary Judgment [Doc. # 27], at 11–12; Dortch

Depo., at 158–63, 268–69.

adverse employment action sufficient to satisfy the third prong of a *prima facie* Title VII discrimination case. *DeCorte v. Jordan,* 497 F.3d 433, 437 (5th Cir.2007). As such, Dortch has presented sufficient summary judgment evidence to satisfy the third prong of a *prima facie* case of sex discrimination.[30]

■■■ To establish the fourth element of a *prima facie* case of sex discrimination under Title VII, a plaintiff may present "circumstantial evidence that [he] has been treated differently than similarly situated non-members of the protected class." *Williams v. Trader Pub. Co.,* 218 F.3d 481, 484 (5th Cir.2000) (citing *Polanco v. City of Austin,* 78 F.3d 968, 977 (5th Cir.1996)). The parties agree that to satisfy the "similarly situated" requirement, the situations of the plaintiff and the non-protected class member must be more than similar, they must be "nearly identical." *Perez v. Tex. Dept. of Crim. Justice,* 395 F.3d 206, 213 (5th Cir.2004). To satisfy his burden, Dortch must demonstrate " 'that the mis-

---

**30.** In his Response, Dortch appears to assert that he was subject to an adverse employment action because Memorial Hermann enforced its grooming standards differently for male and female employees. *See* Response [Doc. # 31], ¶ 28. Even if this is true, it does not constitute an "adverse employment action" under Title VII. *See Willingham v. Macon Tel. Pub. Co.,* 507 F.2d 1084 (5th Cir. 1975) (en banc); *see also Thomas v. Firestone Tire & Rubber Co.,* 392 F.Supp. 373 (N.D.Tex. 1975); *Santee v. Windsor Court Hotel,* No. 99–3891, 2000 WL 1610775, 2000 U.S. Dist. LEXIS 15960 (E.D.La. Oct. 26, 2000). Similarly, Dortch's contention that at least one female Memorial Hermann employee was permitted to take extended breaks does not constitute an adverse employment action. *See Stanley v. Univ. of Tex. Med. Branch,* 425 F.Supp.2d 816, 824 (S.D.Tex.2003). Indeed, Dortch does not even allege that he asked for, much less that he was denied, similar break periods. Dortch also claims that he suffered an adverse employment action when Memorial Hermann allegedly changed his work hours and reduced the number of radio transmissions he received while working. *See* Response [Doc. # 31], ¶ 32. Again, Dortch offers no evidence to support his claim. Nonetheless, a change in work hours or a reduction in job duties without a reduction in pay does not constitute an adverse employment action. *See Hunt,* 277 F.3d at 771 (quoting *Benningfield v. City of Houston,* 157 F.3d 369, 377 (5th Cir.1998)) ("Merely changing [the plaintiff's] hours, without more, does not constitute an adverse employment action."); *Hernandez v. Crawford Bldg. Material Co.,* 321 F.3d 528, 532 n. 2 (citing *Mota v. Univ. of Texas Health Sci. Ctr.,* 261 F.3d 512, 521 (5th Cir.2001)) (loss of some job duties does not constitute an adverse employment action); *see also Williams v. United States Dep't of Navy,* 149 Fed.Appx. 264, 270 (5th Cir.2005) (allegation that defendant-employer removed twenty percent of the plaintiff's job duties without a reduction in pay did not involve an adverse employment action under Title VII). Finally, Dortch suggests that Memorial Hermann permitted "female officers to use vulgar and profane language at work" and that that somehow constitutes an adverse employment action against him. *See* Response [Doc. # 31], ¶ 32. This, too, fails to meet the standards for a *prima facie* case of sex discrimination. *See Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 707 (5th Cir.1997) (citing *Landgraf v. USI Film Prods.,* 968 F.2d 427, 431 (5th Cir.1992) ("Hostility from fellow employees ... [is not an] adverse employment action.... In addition, [this] act[ ] cannot be attributed to [the employer].... [T]here is no proof that [this] act [was] by management. In general, [an employer] cannot be held liable under Title VII absent proof that its employees acted as its agents.")); *see also Krystek v. Univ. of S. Miss.,* 164 F.3d 251, 256 (5th Cir.1999) ("For comments in the workplace to provide sufficient evidence of discrimination, they must be ... made by an individual with authority over the employment decision at issue....").

Simply put, "not everything that makes an employee unhappy is an actionable adverse action." *Martin v. Kroger Co.,* 65 F.Supp.2d 516, 535 (S.D.Tex.1999) (citing *Greaser v. Mo. Dep't. of Corr.,* 145 F.3d 979, 984 (8th Cir.1988)). Thus, the only action by Memorial Hermann that is pertinent to Dortch's disparate treatment claim is its decision to terminate Dortch.

conduct for which [he] was discharged was nearly identical to that engaged in by a [female] employee whom the company retained.'" *Smith v. Wal–Mart Stores*, 891 F.2d 1177, 1180 (5th Cir.1990) (quoting *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 570 (5th Cir.1982)). Moreover, the "alleged comparator employees [must have been] similarly situated from the perspective of their employer at the time of the relevant employment decision[ ]." *Perez*, 395 F.3d at 209.

 Dortch has pointed to only one fellow employee as a possible comparator employee—Yvonne Urps, a Memorial Hermann security dispatcher.[31] Memorial Hermann argues that Urps, as a security *dispatcher*, did not hold the same job or have the same job duties as Dortch and, hence, is not "similarly situated" to Dortch.[32] Dortch claims that because he and Urps were both licensed as "Texas Commissioned Security Officers," "[t]he fact that other officers were assigned to different departments within the same hospital is irrelevant."[33] Moreover, Dortch asserts that because he and Urps "had the same responsibility (security of [Memorial Hermann])," they are similarly situated. Although the parties argue this issue at length, this point is not dispositive. In determining whether two employees are "similarly situated," their position in the company—*e.g.*, job title, duties, supervisor—is relevant. However, the "similarly situated" inquiry looks to the totality of the circumstances in determining whether an employee is an appropriate "comparator." *See, e.g., Wyvill*, 212 F.3d at 305. Regardless whether Urps performed sufficiently similar job duties or had the same supervisors as Dortch, Dortch has failed to

31. In his deposition, Dortch also mentions another female security guard, Connie Martinez, but claims only that Martinez was part of a "clique" of employees who would "cover for each other at work." Dortch Depo., at 269–70. Dortch makes no allegations that Martinez engaged in any inappropriate conduct that would render her a proper comparator employee. *See, e.g., Brazoria County*, 391 F.3d at 693 (citing *Manatt v. Bank of America, NA*, 339 F.3d 792, 803 (9th Cir. 2003)) ("Mere ostracism in the workplace is not grounds for a retaliation claim."). This, coupled with the fact that Martinez was admittedly employed by a different Memorial Hermann department than Dortch and had a different supervisor, *see* Dortch Depo., at 269–70, demonstrates that Martinez was not "similarly situated" to Dortch. *See, e.g., Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir.2000) (declining to find "similarly situated" employees who, *inter alia*, had different job duties and different supervisors); *see also Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir.1991).

> Similarly, Dortch claims that a female emergency room employee—who was not a security guard—was treated more favorably than he. Dortch Depo., at 264, 271–72. For the same reasons discussed above,

> Dortch again fails to establish that this employee was "similarly situated" to him.

32. *See* Defendant's Motion for Summary Judgment [Doc. # 27], at 13; *see also id.*, Ex. C: "Affidavit of Edmond Stevenson–Wilson" (attesting that "Urps performs the duties of a security dispatcher" and that Dortch was employed as a "security officer").

33. Response [Doc. # 31], ¶ 33. Dortch also asserts that Memorial Hermann "has provided no evidence that Ms. Urps carried out clerical, clinical[,] or legal duties as a dispatcher." *Id.* It should be noted that Dortch's contention that Memorial Hermann is obligated to demonstrate that Dortch and Urps are not "similarly situated" is wrong. Dortch, as Plaintiff, bears the burden of establishing his *prima facie* case, which includes establishing that "'others similarly situated were treated more favorably,'" *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir.2001); *see also Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 n. 1 (5th Cir.2005) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)) ("[T]he burden of persuasion [in an employment discrimination case] 'remains at all times with the plaintiff.'").

carry his burden to demonstrate that Memorial Hermann treated a "similarly situated" female employee differently from him, because there is no evidence to suggest that Urps engaged in substantially similar conduct as Dortch.

■ In arguing that Memorial Hermann discriminated against him on the basis of his sex, Dortch contends that Urps engaged in inappropriate conduct, but was disciplined less severely than Dortch. Specifically, Dortch claims that Urps took extended breaks from work to go shopping and falsified her time sheets upon return, but that she was not terminated for this "fraudulent" conduct.[34] Dortch appears to liken his failure to comply with Memorial Hermann's "no-call/no-show" policy to Urps' "shopping sprees" during work hours.[35] As a matter of law, Dortch's contentions are inadequate to raise a genuine material fact issue.

First, Dortch has failed to present any evidence in support of his claim, and admits that he has no knowledge of Urps' disciplinary record.[36] This, in itself, is fatal to his claim. *See, e.g., Preston v. Tex. Dep't of Family & Protective Servs.*, 222 Fed.Appx. 353, 358–59 (5th Cir.2007) (sustaining summary judgment for the defendant-employer because the plaintiff "fail[ed] to present any evidence that [other] employees engaged in 'nearly identical' misconduct for which she was terminated" and because the plaintiff admitted to having no personal knowledge about the circumstances surrounding the putative comparator employee's alleged wrongdoing); *see also Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir.2004) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) ("[T]he nonmov-

ant cannot satisfy [his] burden [on summary judgment] with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.")).

However, even if Dortch provided evidentiary support for his claim, the conduct allegedly engaged in by Urps is not sufficiently similar to Dortch's failure to comply with Memorial Hermann's "no-call/no-show" policy. Taking extended breaks is not "nearly identical" to failing to report to, or "call in sick" from, a scheduled work shift. Moreover, the record establishes other significant differences between Dortch and Urps. Evidence demonstrates that during his tenure with Memorial Hermann, Dortch was counseled for poor attendance and lack of punctuality on several occasions. In addition, just prior to his termination, Dortch had been sent home from work after a heated argument with a supervisor and failed to contact a supervisor to discuss the situation as instructed. Dortch presents no evidence that Urps had a similar history of conflict with her co-workers or supervisors, or a similar disciplinary record. As such, Urps cannot be said to have engaged in "nearly identical conduct" as Dortch, and Dortch has failed to meet his burden to demonstrate disparate treatment by Memorial Hermann of similarly situated employees. *See, e.g., Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir.1995) (finding that the lack of evidence that the putative comparative employees had similar disciplinary records as the plaintiff was relevant to determining whether they were "similarly situated"); *Nieto v. L & H Packing Co.*, 108 F.3d 621, 623 (5th Cir.1997) (finding that the plaintiff was not similarly situated

---

34. *See* Response [Doc. # 31], ¶ 31.

35. *Id.*

36. *See* Dortch Depo., at 163–164, 269. (Page 164 of Dortch's deposition testimony is attached as Exhibit 13 to Dortch's Response [Doc. # 31].)

to the putative comparator employees because the plaintiff had a prior disciplinary record); *see also Bryan v. Chertoff*, 217 Fed.Appx. 289, 292 (5th Cir.2007) (noting that the plaintiff failed to "point[ ] to any individuals who were similarly situated, *i.e.*, had the same disciplinary records as [the plaintiff]"); *Edwards v. Grand Casinos of Miss.*, 145 Fed.Appx. 946, 948 (5th Cir.2005) (finding that the plaintiff was not similarly situated to the putative comparator employee because, *inter alia*, the plaintiff had a more serious disciplinary record than the comparator).

▉ Indeed, even if Dortch could successfully establish his *prima facie* case, he has not adequately responded to Memorial Herman's "legitimate, non-discriminatory reason for its decision to terminate [Dortch]," *Rachid*, 376 F.3d at 312, namely, that Dortch was terminated for failing to comply with the company's "no-call/no-show" policy.[37] *See Davis v. Moore Wallace, Inc.*, 217 Fed.Appx. 313 (5th Cir. 2007), *aff'g* No. 9:05–CV–57, 2006 WL 722217, 2006 U.S. Dist. LEXIS 15652 (E.D.Tex. March 15, 2006) (failure to abide by employer's attendance policy legitimate grounds for plaintiff's termination); *Mascorro v. Am. Funds Serv. Co.*, No. SA–05–CA–590–FB, 2006 WL 3751150, 2006 U.S. Dist. LEXIS 94024 (W.D.Tex. Nov. 20, 2006) (same); *Jordon v. Tex. Dep't of Aging & Disabilities Servs.*, No. 9:05CV161, 2006 WL 1804619, 2006 U.S. Dist. LEXIS 43895 (E.D.Tex. June 28, 2006) (same); *Thomas v. Willis G's Post Oak, Inc.*, No. H–04–4479, 2006 WL 1117959, 2006 U.S. Dist. LEXIS 29906 (S.D.Tex. April 25, 2006) (same). Although Dortch claims

that "Defendants erroneously state that Plaintiff['s] termination was proper under the false heading of no call/no show," the burden on Memorial Hermann at this stage is merely one of production. *See Rios v. Rossoti*, 252 F.3d 375, 379 (5th Cir.2001) ("Defendant's burden ... is one of production, not persuasion ....") (internal quotation and citation omitted). Because Memorial Hermann has met that burden, Dortch must show that a question of fact exists whether Memorial Hermann's proffered justification is mere pretext for an unlawful discriminatory motive. *See Rachid*, 376 F.3d at 312; *see also Mayberry*, 55 F.3d at 1091 ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive.").

▉ The only evidence Dortch identifies as proof that Memorial Hermann's reason for terminating him is pretextual is the TWC Appeal Tribunal finding that Dortch's discharge was not for work-related misconduct.[38] Although Dortch places great stock in these findings, "[a] finding of fact, conclusion of law, judgment, or final order" of the TWC may not be used as evidence in a lawsuit (except in suits to enforce payment of unemployment benefits). TEX. LAB.CODE § 213.007. Thus, the Court cannot consider this document on summary judgment. *See Williams v. Aviall Servs., Inc.*, 76 Fed.Appx. 534, 536 (5th Cir.2003) ("Under Texas law, the Texas Workforce Commission's findings and conclusions may not be used as evidence in lawsuits.").

Absent that, Dortch has provided no evidence, aside from his own subjective

---

**37.** In work rule-violation cases, such as this, "a Title VII plaintiff may establish a *prima facie* case by showing 'either that he did not violate the rule or that, if he did, [employees outside the protected class] who engaged in similar acts were not punished similarly.'" *Mayberry*, 55 F.3d at 1090 (quoting *Green v.*

*Armstrong Rubber Co.*, 612 F.2d 967, 968 (5th Cir.1980)). Dortch admits that he failed to abide by Memorial Hermann's "no-call/no-show" policy. *See* Dortch Depo., at 240.

**38.** *See* Response [Doc. # 31], ¶ 35.

beliefs, that raises a genuine issue of material fact on pretext. *See Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir.1983) ("We are not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief."); *see also Little*, 924 F.2d at 96 (5th Cir.1991) ("A[ ] ... plaintiff's own good faith belief that his [protected characteristic] motivated his employer's action is of little value."). Hence, Memorial Hermann is entitled to summary judgment on Dortch's claim of disparate treatment sex discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*

### 2. Retaliatory Discharge

■ To the extent Dortch is claiming that Memorial Hermann terminated him in retaliation for his involvement in some protected activity, his claim also fails.[39] Title VII retaliation claims are governed by the *McDonnell Douglas* burden-shifting test applied to Dortch's disparate treatment claim in Section III.C.1, *supra. Septimus*, 399 F.3d at 608. "Under that framework, the employee's ultimate burden is to prove that the employer's stated reason for the adverse action was merely a pretext for the real, retaliatory purpose." *Id.* However, the employee must first demonstrate a *prima facie* case of retaliation. *Id.* at 607. "To establish a *prima facie* case of retaliation, an employee must demonstrate that (1) he engaged

in an activity that Title VII protects; (2) he was subjected to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action." *Lemaire v. La. Dept. of Transp. & Dev.*, 480 F.3d 383, 388 (5th Cir.2007) (citing *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 439 (5th Cir.2005)).

"Under Title VII, an employee has engaged in protected activity if [he] has (1) 'opposed any practice made an unlawful employment practice [under Title VII],' or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427–428 (5th Cir.2000) (citing 42 U.S.C. § 2000e–3(a)). Broadly, "Title VII protects against discrimination on the basis of 'race, color, religion, sex, or national origin.'" *Smith v. City of Jackson*, 351 F.3d 183, 188 (5th Cir.2003) (quoting 42 U.S.C. § 2000e–2(a)(1)–(2)). Thus, protected activities under Title VII require that an employee express opposition to activity that the employee reasonably believes is discriminatory. *See Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir.1996).

■ While Dortch accuses Memorial Hermann of a variety of wrongs,[40] he only offers evidence of a single incident that could be construed as a potential basis for a retaliation claim. Specifically, Dortch

---

**39.** In his Response, Dortch also alleges that "Defendant's scheme of retaliation included never promoting the Plaintiff even though he was qualified for other supervisory positions for which he applied." Response [Doc. # 31], ¶ 32. This claim fails for the same reasons discussed in this section and also for the reasons discussed in connection with Dortch's "failure to promote" age discrimination claim. *See infra* Section III.E.2.

**40.** Dortch claims that he "made repeated reports to management about other officers violating attendance and grooming standards," and "provided the Defendant with evidence

relating to a female officer, ... who had a felony conviction but was still employed as a security officer/dispatcher in breach of [Texas Department of Public Safety regulations]." Response [Doc. # 31], ¶ 31. Dortch offers no evidence of these alleged reports. *See Wallace*, 80 F.3d at 1047 ("[P]leadings are not summary judgment evidence."). Moreover, Dortch's allegations fail to establish that these reports were premised on his belief that Memorial Hermann was engaged in unlawful employment practices. *See Byers*, 209 F.3d at 428; *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir.2007)

presents evidence that he filed a complaint to Memorial Hermann administrators relating an incident from October 20, 2005 in which Yvonne Urps allegedly "curse[d] out" Dortch after they got into a minor argument.[41] Nothing in Dortch's evidence can fairly be read to raise opposition to an unlawful employment practice. Dortch merely relates the October 2005 incident and asserts that his supervisors unfairly blamed him for exacerbating the situation.[42]

Dortch does not assert that the complained-of incident was fueled by any animus against him due to his race, color, religion, sex or national origin. Dortch has not provided any evidence that he opposed an activity made unlawful by Title VII and thus, Dortch has not shown he engaged in a protected activity under Title VII. Therefore, Dortch has not presented summary judgment evidence to establish a *prima facie* case of retaliation under Title VII and Memorial Hermann is entitled to summary judgment on this claim.[43]

### 3. Hostile Work Environment

 A party "may establish a violation of Title VII by proving discrimination

---

("To satisfy this opposition requirement, [a plaintiff] need only show that [he] had a reasonable belief that the employer was engaged in unlawful employment practices.") (internal quotation and citation omitted).

**41.** *See* Response [Doc. # 31], ¶¶ 30–31 & Ex. 11: "Security Incident Report," Ex. 12: "Letter to Memorial Hermann Human Resources Office from Kenneth Dortch."

**42.** The documents Dortch provides in relation to this incident include a "Security Incident Report" and a letter he wrote and sent to the Memorial Hermann human resources office. The Security Incident Report appears to be an internal form used by Memorial Hermann employees primarily to document thefts from the Memorial Hermann ' campus. Dortch used the form to relate the alleged incident with Urps, stating:

At approximately 2020 hrs. on 10–20–05, I contacted security dispatcher Yvonne Urps and asked her was she aware that the lights were out in the Alamo parking lot. Ms. Urps responded in a very unprofessional tone by saying "if I had been listening to the radio, they have been talking about all [sic] night!" I responded by saying mam [sic], it was a yes or no response. I asked s/o Dubose to go with me to the office where I asked Ms. Urps to keep it professional on the radio. Ms. Urps curse [sic] me out inside & outside of the security office. Nursing supervisor Solina notified. Response [Doc. # 31], Ex. 11: "Security Incident Report." The letter Dortch subsequently sent to Memorial Hermann's human resources office again relates the incident and states that Memorial Hermann's security

manager "badgered [Dortch] with questions trying to make [him] say [he] cause [sic] the incident by going over to the office and totaling [sic] disregarding s/o Urps['] actions." *Id.*, Ex. 12: "Letter from Dortch to Memorial Hermann Human Resources."

**43.** In his letter to Memorial Hermann's human resources office, Dortch also states that "it had [sic] been 3 weeks and the only thing that has happened was me (Kenneth Dortch) getting retaliated on with my hours beening [sic] changed and a drastic reduction in radio transmissions." *Id.* A change in work hours and a reduction in job duties may constitute an adverse employment action in the context of a retaliation claim. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) (holding that for Title VII retaliation claims, an adverse employment action is an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."). However, the Court need not decide this issue. Assuming, *arguendo,* that Dortch's allegations are true, he has never offered evidence that he accused, or even suspected that, Memorial Hermann was engaged in unlawful employment practices based on sex or any other prohibited factor. The evidence presented by Dortch indicates only that he had a conflict with a coworker and felt that Memorial Hermann did not adequately respond. There is no evidence that Dortch's complaint to Memorial Hermann was premised on his reasonable belief that Memorial Hermann was discriminating against Dortch because Dortch is a man. Thus, his claim fails.

based on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 616 (5th Cir.1999). A successful hostile work environment claim requires that the plaintiff prove five elements: "(1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome harassment; (3) that the harassment was based on sex; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and did not take proper remedial action." *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir.1999).

The burden on a plaintiff to demonstrate actionable conduct is high. "Title VII does not prohibit all verbal or physical harassment in the workplace," *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), and is "only meant to bar conduct that is so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace." *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir.1996); *see also Vaughn v. Pool Offshore Co.*, 683 F.2d 922, 924 (5th Cir.1982) (holding that a Title VII violation may be found where the workplace is "so heavily polluted with discrimination as to destroy completely the emotional and psychological stability of minority group workers"). " '[S]imple teasing, offhand comments, and isolated incidents, (unless extremely serious) will not amount to discriminatory charges' that can survive summary judgment." *Turner*, 476 F.3d at 348 (quoting *Hockman v. Westward*

*Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir.2004)). The harassment must be "both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." *Shepherd*, 168 F.3d at 874. The existence of a hostile work environment is determined using "a totality-of-the-circumstances test that focuses on 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating; ... and whether it unreasonably interferes with an employee's work performance.' " *Turner*, 476 F.3d at 347 (5th Cir.2007) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

In the present case, Dortch claims that Memorial Hermann:

> created a hostile work environment because of the Plaintiff's lawful complaints of sex discrimination and preferential treatment of female officers. The Defendant contended that it was alright for female officers to use vulgar and profane language while at work and in the presence of other employees and customers, to blatantly disregard employee grooming standards, to falsify time records, to have extended breaks, abandon duty post without authorization[,] and to have a felony conviction as a Texas commissioned security officer.[44]

However, as noted previously, Dortch has provided no probative evidence to support any of these alleged incidents. Dortch's major complaint, as set forth in his Response, appears to rest primarily on his contention that the October 2005 incident with Yvonne Urps, and Memorial Hermann's response to that incident,

---

44. Response [Doc. # 31], ¶ 32. Notably, none of these allegations were raised in Dortch's Amended Complaint [Doc. # 7].

somehow constitutes the company's creation of, or complicity with, a hostile work environment. However, because none of the evidence presented by Dortch regarding this incident suggests that Urps' alleged conduct was motivated by unlawful discriminatory animus, *see supra* Section III.C.2., Dortch's contention fails to establish a *prima facie* case of sexual harassment. *See Jones v. Flagship Int'l,* 793 F.2d 714, 719 (5th Cir.1986) (holding that in order to establish a *prima facie* case of sexual harassment, the plaintiff must show, *inter alia,* that "[t]he harassment complained of was based upon sex, *i.e.,* that but for the fact of [his] sex, the plaintiff would not have been the object of harassment").

■■■ Memorial Hermann surmises that Dortch's hostile work environment claim may be premised on his assertion that on one occasion, Yvonne Urps attacked his "manhood" by calling him a "faggoty ass." [45] Dortch has not addressed this issue in his Response. Nonetheless, it is clear that this isolated event, while crass and evidence of rudeness, does not rise to a level of actionable sexual harassment. *See Shepherd,* 168 F.3d at 874 (quoting *Harris,* 510 U.S. at 21, 114 S.Ct. 367) ("The 'mere utterance of an . . . epithet which engenders offensive feelings in an employee' does not sufficiently affect the conditions of employment."); *see also Long,* 88 F.3d at 309 (holding that a single inappropriate joke is insufficient to create a hostile work environment); *cf. Hockman,* 407 F.3d at 325–28 (allegations that a co-worker made inappropriate comments, slapped plaintiff on the behind with a newspaper, brushed against her breasts, and tried to kiss her were insufficient to demonstrate a hostile work environment);

*Shepherd,* 168 F.3d at 874 (allegations that a co-worker—over a time period of at least a year-made inappropriate comments, touched plaintiff, and attempted to look down her clothes were insufficient to demonstrate a hostile work environment).

Because Dortch has failed to establish the existence of a gender-based hostile work environment, Memorial Hermann is entitled to summary judgment on this claim.

### D. *Dortch's Claim under the Americans with Disabilities Act*

In alleging that he was "discriminated against because of a disability [sic]," Dortch fails to make clear whether he is raising a disability discrimination claim or a failure to accommodate claim. In its Motion for Summary Judgment, Memorial Hermann addresses both theories. Dortch's Response appears to conflate the two theories, and also suggests that Memorial Hermann failed to respond to Dortch's alleged complaints that non-handicapped employees were parking in handicapped parking spaces and that its employees "mocked Plaintiff's disability unabated during the course of his employment." [46]

#### 1. Disability Discrimination and Proof of a Disability

In approaching discrimination claims based on disability, the now familiar *McDonnell Douglas* burden shifting analysis applies:

> The plaintiff must . . . demonstrate a *prima facie* case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of

**45.** *See* Defendant's Motion for Summary Judgment [Doc. # 27], at 6, 16 n.20; *see also* Dortch Depo., at 275.

**46.** Response [Doc. # 31], ¶ 45.

production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination . . . ; or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic. . . .

*Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir.2004) (internal quotations and citations omitted); *see also Bergen v. Continental Cas. Co.*, 368 F.Supp.2d 567, 572–73 (N.D.Tex.2005).

■ In order to make out a *prima facie* case of disability discrimination, a plaintiff must establish that: "(1) He is disabled or is regarded as disabled; (2) he is qualified for the job; (3) he was subjected to an adverse employment action on account of his disability; and (4) he was replaced by or treated less favorably then non-disabled employees." *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir.2003) (citing *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279–80 (5th Cir.2000)).

Finally, because the ADA "confers a special meaning to the term 'disability,'" *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir.1999), in order to establish a

disability for purposes of the ADA, a plaintiff must demonstrate the he suffered from "a physical . . . impairment that substantially limits one or more major life activities . . . ," *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 655 (5th Cir.2003) (citing 42 U.S.C. § 12102(2)(A)), such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Talk*, 165 F.3d at 1024–25 (citing 29 C.F.R. § 1630.2(i)). In interpreting this standard, the Fifth Circuit has held that the terms must be "interpreted strictly to create a demanding standard for qualifying as disabled." *Id.* at 654 (citing *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002)).

■ In this case, Dortch claims that his ankylosing spondylitis qualifies as a disability under the ADA.[47] Memorial Hermann disputes this characterization and points to Dortch's own testimony that his condition has not limited him from performing any major life activity.[48] In response, Dortch has listed symptoms of the disease and has provided a copy of a 2003 "physician report" classifying Dortch as "severely disabled."[49] However, there is no evidence of how the condition-which unquestionably can substantially impact its victims-has seriously impaired Dortch in performance of any major life activities.

**47.** Dortch also claims, for the first time, that this condition caused him to suffer from Iritis, a condition impairing his eyesight. *See* Response [Doc. # 31], ¶ 41. Dortch alleges that his ankylosing spondylitis "affected his eyesight and [Memorial Hermann] knew of this condition, known as Iritis." *Id.* However, this assertion finds no support in the record and directly contradicts Dortch's own testimony that he was not diagnosed with any eye ailments until after his discharge from Memorial Hermann. *See* Dortch Depo., at 281–82; *see also supra* note 3.

**48.** *See* Dortch Depo. at 192–203 (explaining that his condition requires only that he

"watch [his] twists and turns" and avoid sitting or walking for prolonged periods of time without stretching).

**49.** Response [Doc. # 31], Ex. 15: "Medical Report of Dr. Henry Mata, Jr., M.D." This document, which consists merely of a notation made on a prescription form, is virtually illegible. However, for the purposes of this discussion, the Court accepts Dortch's claim that the report was made in 2003 and that it does state that Dortch is "severely disabled." In its entirety, the form thus states: "Patient is severely disabled. Dx: 1) ankylosing spondylitis[,] 2) chronic back pain."

*See Curl v. United Supermarkets, Ltd.*, 179 Fed.Appx. 208, 208 (5th Cir.2006) (citing *Waldrip*, 325 F.3d at 656) (affirming summary judgment for the defendant employer and noting that the plaintiff's "primary evidence consist[ed] of bald assertions based on textbook explications of the types of symptoms people with his impairment might experience, failing to show [the plaintiff's] own symptoms—his 'own experience' of substantial limitation").

Given Dortch's own testimony concerning his condition, the Court concludes that he has failed to raise a genuine issue of material fact whether he is disabled for purposes of the ADA. Dortch has stated that he can engage in all of life's activities with only mild limitations that are addressed by regular stretching and flexing.[50] Given the stringent and rigorous standard to be applied to this determination, *see Waldrip*, 325 F.3d at 655, Dortch has failed to establish a *prima facie* case of disability discrimination.[51] *See, e.g., Pegram v. Honeywell, Inc.*, 361 F.3d 272, 286 (5th Cir.2004) (holding that the plaintiff-employee was not "disabled" for purposes of the Texas Commission on Human Rights Act (which is "analogous" to the ADA) where "he was impaired in climbing stairs, walking, standing for longer than five minutes, [and] sitting for longer than five minutes, with balance, and pain" because these "impairments" did not "interfere with his ability to perform at least one major life activity"); *Talk*, 165 F.3d at 1025 ("[M]oderate difficulty experienced while walking does not rise to the level of a disability."); *Okpulor v. PNC Bank*, No. 3:04–CV–1755, 2005 U.S. Dist. LEXIS 33322, at *12 (N.D.Tex. Dec. 15, 2005) ("Plaintiff has not shown that her impairment [arthritis associated with lupus] substantially limits her ability to walk. [Plaintiff's] deposition only establishes that Plaintiff's impairment inhibits her ability to walk for long distances."); *Radcliff v. Wal–Mart Stores, Inc.*, No. 3:00–CV–2774–P, 2002 WL 1042116, *6, 2002 U.S. Dist. LEXIS 9073, at *14–15 (N.D.Tex. May 21, 2002) ("Plaintiff cannot show that she had a disability that was 'a physical or mental impairment that substantially limits one or more of the major life activities.' Plaintiff herself stated under oath that her arthritis did not limit her in any major life activity.").

Moreover, even if Dortch had succeeded in establishing a *prima facie* case, he has failed to adequately respond to Memorial Hermann's "legitimate, non-discriminatory reason for its decision to terminate [him]," *Rachid*, 376 F.3d at 312, namely, that Dortch failed to comply with the company's "no-call/no-show" policy. Dortch's sole evidence that Memorial Hermann's contention is pretext for discrimination is the TWC Appeal Tribunal finding that Dortch's discharge was not for work-related misconduct.[52] Because TWC findings may not be used as evidence in lawsuits,[53] Dortch has provided no evidence raising a

---

**50.** *See* Dortch Depo., at 196

**51.** Memorial Hermann also disputes whether Dortch has established another element of his *prima facie* case of disability discrimination because he has not shown that he suffered an "adverse employment action" based upon his disability. Memorial Hermann argues that his "only 'evidence' of disability-based discrimination is his assertion that unnamed coworkers expressed surprise that he was parking in a disabled parking spot because 'he did not look disabled.'" Defendant's Motion for Summary Judgment [Doc. # 27], at 18–19. Although Dortch's submissions lack clarity, the Court accepts that this claim intends to reference wrongdoing associated with Dortch's termination from Memorial Hermann.

**52.** *See* Response [Doc. # 31], ¶ 47.

**53.** *See supra* pp. 24–25.

genuine issue of material fact on this question.

Hence, Memorial Hermann is entitled to summary judgment on Dortch's claim of disability discrimination under the ADA.

### 2. Failure to Accommodate

■ Under the ADA, an employer "discriminates" against an employee if it fails to "make[ ] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an ... employee." 42 U.S.C. § 12112(b)(5)(A). In addition to establishing a *prima facie* case of disability discrimination,[54] to establish a failure to accommodate claim, "an employee must [also] show that the employer knew, or should have known, of such employee's substantial physical or mental limitation." *Taylor v. Principal Fin. Group*, 93 F.3d 155, 164 (5th Cir.1996); *see also Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999) ("Because the ADA requires employers to accommodate the limitations arising from a disability, and not the disability itself, an employee seeking to assert a disability discrimination claim must produce evidence that the employer knew not only of the employee's disability, but also of the physical or mental limitations resulting therefrom.") (internal citations omitted).

■ "In general, it is the responsibility of the individual with the disability to inform the employer that an accommodation is needed. Once such a request has been made, the appropriate accommodation is best determined through a flexible, interactive process that involves both the employer and the qualified individual with a disability." *Cutrera*, 429 F.3d at 112 (citing 29 C.F.R. § 1630.9, App. (1995)). "Thus, it is the employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one." *Taylor*, 93 F.3d at 165. "If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." *Id.*

■ Putting aside Dortch's failure to demonstrate that he suffers from an actionable disability under the ADA,[55] Memorial Hermann asserts that Dortch failed to make a request for accommodation. The Court agrees. Dortch argues, without any references to the record, that "Defendant denied him reasonable accommodation on multiple occasions based on his disability" and contends that Memorial Hermann's refusal to indulge his request to "walk and stretch" when directed to use the golf cart to patrol the hospital complex constitutes discrimination because Dortch "had only driven on that golf cart on [three] occasions[,] all in the early afternoon hours[,] and had carried out his security obligations on foot in most instances."[56] In further support of his position that "Defendants knew of [his] disability,"[57] Dortch references a "Leave Request Form" from 2003 in which Dortch requested "Family Medical Leave" because of "[a]n inability to work due to ... [a] serious health condition."[58] Attached to the form is a Medical Certification that states that Dortch "has ankylosing spondylosis [sic] and chronic back pain that has worsened recently" and which requires that he refrain from "long periods of standing and walking" and "strenuous activity associat-

---

54. *See supra* p. 33–34.

55. *See supra* Part III.D.1.

56. Response [Doc. # 31], ¶ 44.

57. *Id.* ¶ 45.

58. Response [Doc. # 31], Ex. 16: Leave of Absence Request Form.

ed with subduing or restraining . . . perpetrators."[59]

This evidence fails to establish a *prima facie* case for failure to accommodate under the ADA. Dortch's mere request in 2003 for extended leave due to a condition that had "worsened recently" does not constitute a request under the ADA for continuing accommodations at work. The documents referenced by Dortch do not indicate that he suffered from an ongoing health problem that necessitated accommodation once he returned from leave. *See, e.g., Pasley v. City of Dallas*, No. 3:01–CV–1194–K, 2004 WL 1205184, 2004 U.S. Dist. LEXIS 10998 (N.D.Tex. June 1, 2004) (holding that a doctor's release suggesting that the plaintiff's post-surgery work restrictions were temporary was not enough to constitute a request for specific reasonable accommodations under the ADA). In addition, Dortch has offered no evidence that he informed Memorial Hermann of his need for accommodations. *See Taylor*, 93 F.3d at 164 ("[I]t is incumbent upon the ADA plaintiff to assert not only a disability, but also any limitation resulting therefrom."). Similarly, Dortch's expressed desire to "walk and stretch" when requested by his supervisor to patrol on the golf cart fails to constitute a formal request for accommodation. This comment did not reference his disability or any limitations stemming from it, and as such, is too "indefinite and ambiguous to constitute a formal request for accommodations under the ADA." *See Taylor*, 93 F.3d at 165.

Thus, Memorial Hermann is entitled to summary judgment on Dortch's ADA failure to accommodate theory.

### 3. Hostile Workplace

The ADA provides a cause of action for disability-based harassment. *Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 234 (5th Cir.2001). This cause of action is " 'modeled after the similar claim under Title VII,' " *Id.* at 235 (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir.1998)), and requires a plaintiff to prove:

"(1) that [he] belongs to a protected group; (2) that [he] was subjected to unwelcome harassment; (3) that the harassment complained of was based on [his] disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment."

*Id.* (citing *Rio v. Runyon*, 972 F.Supp. 1446, 1459 (S.D.Fla.1997)). "Moreover, the disability-based harassment must 'be sufficiently pervasive or severe to alter the conditions of employment and create an abusive working environment.' " *Id.* (citing *McConathy*, 131 F.3d at 563).

Again, aside from the fact that Dortch has failed to demonstrate that he suffers from a disability under the ADA, he has also failed to establish the other elements of this claim. According to Dortch's sworn testimony, because he did not "walk with a cane," "use a wheelchair," or otherwise "look . . . disabled," Memorial Hermann employees would ask him why he parked in a handicapped parking space.[60] Memorial Hermann argues that this is insufficient to create a hostile work environment under the ADA. In his Response, Dortch asserts, again without ref-

---

**59.** *Id.* Dortch does not discuss how much time off he requested or whether the request was even granted. The Request Form is not signed by a Memorial Hermann manager and there is no indication that it was ever turned in to Memorial Hermann's human resources office.

**60.** *See* Dortch Depo., at 204–05.

erence to any evidence in the record, that he "made a formal complaint to management" about non-handicapped employees parking in handicapped parking spaces. He also alleges that Memorial Hermann was aware that "its employees mocked [Dortch's] disability unabated during the course of his employment," but chose to take "no action whatsoever." [61]

"[U]nsubstantiated assertions are not competent summary judgment evidence." *Ragas*, 136 F.3d at 458. Thus, Dortch's argument in his briefing that Memorial Hermann employees repeatedly mocked him is not proper evidence on summary judgment. *See Ramsey*, 286 F.3d at 269 ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment.") (internal quotation and citation omitted).

In any event, Dortch's claim that Memorial Hermann employees questioned his parking in handicapped spaces does not rise to the level of actionable harassment. "In determining whether a work environment is abusive, [the Court] must consider the entirety of the evidence ..., including 'the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance.'" *Flowers*, 247 F.3d at 236 (quoting *Shepherd*, 168 F.3d at 874). "Further, a court must be mindful of the fact that 'simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Ballard v. Healthsouth Corp.*, 147 F.Supp.2d 529, 533 (N.D.Tex.2001) (quoting *Shepherd*, 168

F.3d at 874). Simply put, "in the workplace, some workers will not get along with one another, and this Court will not elevate a few harsh words or 'cold shouldering' to the level of actionable offense." *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir.2003) (citing *McConathy*, 131 F.3d at 564).

"[H]ostile work environment cases have traditionally set a high bar for the amount and type of proof necessary to proceed on the claim," *Ballard*, 147 F.Supp.2d at 538, and Dortch's complaint that employees would ask him why he parked in handicapped parking spaces fails to meet this standard. *See, e.g., Soledad v. United States Dep't of Treasury*, 304 F.3d 500, 503 (5th Cir.2002) (employer's comments that he did not believe Plaintiff was disabled, derogatory comments to Plaintiff and others about Plaintiff's condition, and employer's preventing Plaintiff from attending therapy sessions insufficient to state a hostile workplace claim); *McConathy*, 131 F.3d at 563 (employer's boorish comments towards Plaintiff regarding the slow pace of her recovery from surgery, his reassignment of work away from her, and his insensitivity toward her need for medical care and recuperation insufficient to state a claim for hostile workplace). Thus, Memorial Hermann is entitled to summary judgment on Dortch's ADA hostile work environment claim.

### E. *Dortch's Age Discrimination Claim*

In his age discrimination claim, Dortch asserts merely that he was "discriminated against because of his age" "with respect to disciplinary actions[,] terms and conditions of employment[,] and Plaintiff's termination." [62] The parties have construed

---

**61.** Response [Doc. # 31], ¶ 45.

**62.** Amended Original Complaint [Doc. # 7], at 2.

this claim as asserting a cause of action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*[63] As with Dortch's other claims, the basis for his age discrimination claim is unclear. Memorial Hermann argues that during its deposition of Dortch, Dortch only complained that Memorial Hermann employees failed to show him the respect he believed a man of his age deserved and that Memorial Hermann administrators failed to question him about possible age-related problems that may have been associated with his refusal to patrol the Memorial Hermann complex in a golf cart.[64] In his Response, Dortch claims—without citation to the record—that "[i]n his complaint, deposition testimony, and evidence disclosed to Defendant[,] Mr. Dortch contended that younger security officers were not subject to same treatment based on the same false allegations."[65] Specifically, Dortch acknowledges that several Memorial Hermann security officers had been terminated for alleged violations of the company's "no-call/no-show" policy, but he claims that one, "a Caucasian male officer" named Robert McLaren, was later rehired.[66] Dortch further alleges that "he was never promoted by the Defendant[,] while younger and less experienced officers were

---

**63.** *See* Defendant's Motion for Summary Judgment [Doc. # 27], at 20–21; Response [Doc. # 31], at 17.

Among other arguments, Memorial Hermann contends that Dortch is barred from asserting any age discrimination claims under the ADEA because he failed to exhaust his administrative remedies. Specifically, Memorial Hermann claims that Dortch failed to include an age discrimination claim in his EEOC charge. *See* Defendant's Reply [Doc. # 32], at 11. As a prerequisite to a federal suit for violation of the ADEA, a party must exhaust available administrative remedies. *See* 29 U.S.C. § 626(d). However, "failure to exhaust administrative remedies [in a Title VII case] is an affirmative defense ... [. Thus,] the defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies." *See Enguita v. Neoplan USA Corp.*, 390 F.Supp.2d 616, 623 (S.D.Tex. 2005) (quoting *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir.1997)). As in the present case, when a defendant moves for summary judgment on the basis of an affirmative defense, "it must adduce evidence to support each element of its defenses and demonstrate the lack of any genuine issue of material fact with regard thereto." *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir.1999); *Enguita*, 390 F.Supp.2d at 619. Memorial Hermann has not satisfied this burden. Though Memorial Hermann has provided the Court with a copy of Dortch's "right to sue" letter from the EEOC, that letter does not detail the allegations made in the underlying charge and the charge itself is not a part of the summary judgment record. *See* Defendant's Motion for Summary Judgment [Doc. # 27], Ex. E: "EEOC Right to Sue Letter." Memorial Hermann argues that Dortch has admitted in his Response that he did not file an age discrimination claim with the EEOC. *See* Reply [Doc. # 32], at 11. Although statements made by Dortch in his Response could be construed as an admission that he did not raise an age claim at the EEOC, his discussion of this point is unclear. *See* Response [Doc. # 31], at 17–18 ("Mr. Dortch made a specific charge of age discrimination on his Title VII claim. Mr. Dortch ... submits that his ADEA claim is sufficiently 'likely or reasonably related' to [his other Title VII claims]. Mr. Dortch explicitly stated that Defendant subjected him to disparate treatment based on false allegations and he stated his age indicating that he belongs to a protected class under the ADEA."). As such, summary judgment on Dortch's age discrimination claim based upon his alleged failure to exhaust administrative remedies is unwarranted.

**64.** *See* Defendant's Motion for Summary Judgment [Doc. # 27], at 20–21; Dortch Depo., at 176, 275–82.

**65.** Response [Doc. # 31], ¶ 36.

**66.** *Id.*

chosen and promoted.... [For example,] Edmond Stevenson, an officer with limited experience [was] selected ahead of [Dortch] because he was younger." [67]

 Under the ADEA, "[i]t shall be unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "A plaintiff can demonstrate age discrimination in two ways, either through ... direct evidence or by an indirect or inferential [circumstantial] method of proof." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir.2007) (citing *Rachid*, 376 F.3d at 309). A plaintiff who relies on circumstantial evidence must establish a *prima facie* case of age discrimination. *Id.* If the plaintiff succeeds, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for the adverse employment action suffered by the plaintiff. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 582 (5th Cir.2006). If the defendant satisfies this burden, the burden shifts back to the plaintiff to establish that the defendant's proffered reason was pretextual. *Id.* at 582. "The plaintiff retains the ultimate burden of persuasion throughout the case." *Id.* (internal quotations and citations omitted).

### 1. Disparate Treatment

 To establish a *prima facie* case of discriminatory treatment based upon age, a plaintiff must show that: "(1) [he is] within the protected class; (2) [he was]

qualified for the position; (3) [he] suffered an adverse employment decision; and (4) [he was] replaced by someone younger or treated less favorably than similarly situated younger employees...." *City of Jackson*, 351 F.3d at 196. It is not contested that Dortch, a forty-six year old, falls within the class protected by the ADEA. *See* 29 U.S.C. § 621(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."). The Court will also presume, for the purposes of this discussion, that Dortch was qualified for the position he held. Dortch, however, has failed to establish the other elements of a *prima facie* case.

 First, Dortch has asserted that he was subjected to disparate treatment because other employees spoke to him as though he were "young and dumb" and because Memorial Hermann administrators did not consider whether age-related maladies may have been the reason for Dortch's refusal to patrol in a golf cart.[68] Neither claim constitutes actionable age discrimination. As to the former, Dortch has not established that he suffered an adverse employment action related to the alleged wrongdoing. *See DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 597 (5th Cir.1995) (public mocking of a Title VII plaintiff and her claim did not constitute an adverse employment action). As to the latter, Dortch has not pointed to—and the Court has not uncovered—any authority to establish a duty on the part of an employer to inquire into possible age-related afflictions when disciplining an employee.[69]

---

**67.** *Id.* ¶ 37. Memorial Hermann objects to Dortch raising this "failure to promote" claim at this stage of the litigation. *See* Defendant's Reply [Doc. # 32], at 12 n. 12. Because Dortch has failed to establish an age discrimination claim under any theory, the Court does not reach the question whether this is a

"new" claim and thus, not properly before the Court.

**68.** Dortch Depo., at 176, 275–82.

**69.** It is noted that Dortch did not respond to Memorial Hermann's arguments regarding the deficiencies in these claims. *See* Re-

Second, Dortch claims that Memorial Hermann discriminated against him based upon his age when it allegedly rehired a "Caucasian male" employee previously terminated for violating the company's "no-call/no-show policy."[70] Clearly, the fact that the rehired employee was Caucasian has no bearing on whether Dortch was discriminated against on the basis of his age. However, even assuming that Dortch intended to claim that the rehired employee was younger, rather than Caucasian, his claim still fails.

The record does not support a finding that Dortch was replaced by someone younger than himself. Dortch argues that "Robert McLaren ... was recalled to [Memorial Hermann] after his purported dismissal."[71] However, there is nothing in the record supporting this assertion, much less any evidence of McLaren's age. "In disparate treatment cases, the plaintiff-employee must show nearly identical circumstances for employees to be considered similarly situated." *Berquist*, 500 F.3d at 353 (internal quotation and citations omitted). Dortch fails to present any evidence, aside from bare allegations in his Response, that he and McLaren were similarly situated. Dortch presents no evidence that he and McLaren had the same job or job responsibilities, *see id.*, and offers no evidence likening McLaren's employment history to Dortch's. See *Nieto*, 108 F.3d

at 623 (considering prior disciplinary records when determining if two employees were similarly situated). Moreover, Dortch's own argument recognizes that McLaren violated the "no-call/no-show" policy and was subsequently terminated. Dortch has offered no evidence, nor made any arguments, that the adverse employment decision for which he seeks relief involves Memorial Hermann's failure to rehire Dortch after his termination. *See Palma v. New Orleans City*, 115 Fed. Appx. 191, 195 (5th Cir.2004) (employer's refusal to rehire plaintiff insufficient to establish *prima facie* Title VII claim absent evidence of improper racial motivation). Thus, Dortch has failed to raise a question of fact as to whether he was "treated less favorably than similarly situated younger employees...." *City of Jackson*, 351 F.3d at 196.

Having failed to establish a *prima facie* case of age discrimination premised on disparate treatment, summary judgment for Memorial Hermann is appropriate.

## 2. Failure to Promote

Dortch also asserts an age discrimination claim premised on his contention that he "was never promoted by the Defendant while younger and less experienced officers [such as Edward Stevenson] were chosen and promoted ahead of [him]."[72] This claim likewise fails.

---

sponse [Doc. # 31]. The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir.2002) (citing *Dowthitt v. Johnson*, 230 F.3d 733, 747 n. 16 (5th Cir.2000); *Johnson v. Puckett*, 176 F.3d 809, 814 (5th Cir.1999)). By analogy, failure to brief an argument in the district court waives that argument in that court.

**70.** *See* Response [Doc. # 31], ¶ 36. ("Robert McLaren, a Caucasian male officer ... was recalled to [Memorial Hermann] after his pur-

ported dismissal [for violating the 'no-call/no-show' policy]. Mr. Dortch was not even given the opportunity to defend himself against a patently false and discriminatory charge which he contested within the ambits of the law[.] [H]owever, Defendants [sic] chose to rehire a previously dismissed *white* male on or about the time the Plaintiff was terminated.") (emphasis added).

**71.** *Id.*

**72.** *Id.* ¶ 37.

■ In order to establish a *prima facie* case of age discrimination based on the failure to promote, a plaintiff must, *inter alia,* present some evidence that "he applied for and was qualified for a position for which applicants were being sought." *Burrell v. Dr. Pepper/Seven Up Bottling Group,* 482 F.3d 408, 412 (5th Cir.2007). He must then show that "he was rejected for the position and . . . a person outside of . . . his protected class was hired for the position." *Id.* In support of his claim, Dortch offers no evidence that he applied for and was qualified for an available position; he has offered only his resume and copies of two performance reviews he received while employed at Memorial Hermann.[73]

■ However, even if Dortch's evidence were sufficient to raise a question of fact whether Memorial Hermann passed him over, his failure to promote claim fails. A plaintiff in such a case must provide evidence that he was " 'clearly better qualified' than the employee selected for the position at issue." *Celestine v. Petroleos de Venez. SA,* 266 F.3d 343, 357 (5th Cir. 2001) (citing *Scott v. Univ. of Miss.,* 148 F.3d 493, 508 (5th Cir.1998); *Walther v. Lone Star Gas Co.,* 952 F.2d 119, 123 (5th Cir.1992)). "[T]he bar is set high for this kind of evidence because differences in qualifications are generally not probative evidence of discrimination unless those disparities are 'of such weight and significance than no reasonable person . . . could have chosen the candidate selected over the plaintiff for the job in question.' " *Id.* (quoting *Deines v. Texas Dept. of Prot. & Regulatory Servs.,* 164 F.3d 277, 280–81 (5th Cir.1999)). Dortch has no evidence concerning Stevenson's qualifications and hence, no basis upon which to show that he

was at least as qualified as Stevenson. In short, Dortch has only his "subjective belief that age motivated [Memorial Hermann]." *Little v. Republic Ref. Co.,* 924 F.2d 93, 96 (5th Cir.1991). "[A] subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief." *Id.* Thus, Dortch has failed to establish a *prima facie* case of discrimination premised on Memorial Hermann's alleged failure to promote him.

Finally, even if Dortch could establish a *prima facie* case of age discrimination based on either of his proposed theories under the ADEA, Memorial Herman has met its burden of providing a legitimate, nondiscriminatory reason for Dortch's termination, namely, that Dortch violated the company's "no-call/no-show" policy. *See Cheatham,* 465 F.3d at 582. The burden then falls on Dortch to demonstrate that Memorial Hermann's proffered explanation is mere pretext for discrimination. *Id.* Dortch has failed to satisfy this burden. Dortch's sole evidence of pretext is the TWC Appeal Tribunal finding that his discharge was not for work-related misconduct.[74] As noted above, TWC findings cannot be used as evidence in lawsuits.[75] Thus, Dortch has provided no evidence raising a genuine issue of material fact on this question and Memorial Hermann is entitled to summary judgment on Dortch's age discrimination claim.

## IV. *CONCLUSION*

For the foregoing reasons, Plaintiff Dortch has failed to demonstrate the existence of a genuine material question of fact on any of the multitude of claims he asserts. Defendant Memorial Hermann has shown itself entitled to dismissal of all of Plaintiff's claims. It is therefore

---

73. *See id.* ¶ 38; *see also supra* note 8.

74. *See* Response [Doc. # 31], ¶ 47.

75. *See supra* pp. 865–66.

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 27] is **GRANTED** in its entirety. This case is **DISMISSED WITH PREJUDICE.**

The Court will enter a separate final judgment.